U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-07850

ORDER

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/19/2010**



US Bankruptcy Court Judge
District of South Carolina

Entered: 02/19/2010

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Kathy Jackson Winslett,<br><br>Debtor(s). | C/A No. 08-07850-HB<br><br>Chapter 13<br><br>**ORDER** |

**THIS MATTER** came before the Court for hearing on the Petition of Chapter 13 Trustee Gretchen D. Holland to dismiss this case. The Trustee alleges that Kathy Jackson Winslett ("Debtor") has failed to file a confirmable plan and that this failure constitutes grounds for dismissal pursuant to 11 U.S.C. §1307.

This case was filed on December 5, 2008. Since that time the Trustee and Debtor have negotiated the Debtor's plan terms and have made some progress, but have failed to fully resolve all issues necessary for confirmation. The parties stipulate that the most recent plan filed needs further amendment to pay between $11,300.00 and $47,820.00 to unsecured creditors, depending on the outcome of this hearing. The parties filed statements with the Court prior to the hearing setting forth the agreed facts and the limited dispute that they ask this Court to resolve as follows: Whether an above-median single debtor can claim a two car allowance on Form B22C when calculating projected disposable income.[1]

Debtor's statement of dispute[2] provides the following:

---

[1] After much discussion it was determined by the parties that the Court would decide only this limited question based on the testimony presented and arguments made, and would not analyze the debtor's budget further.

[2] The Court requires the filing of a Statement of Dispute for certain contested matters. The Chapter 13 Trustee also filed a post-hearing memorandum, but this matter was decided and the order written prior to the time that document was filed.

> Debtor position: This debtor owns three non-luxury cars. Her dependant children use two of the cars to get themselves to and from school and /or employment. Section 707(b)(2)(A)(ii)(I) and Official Form B22C permit a one person household to claim ownership and operating expenses for two vehicles. The Debtor has a household size of three and wants to claim two vehicles. The Trustee's objection to confirmation based on a two car allowance should be denied.

The Trustee also filed a statement of dispute including her position.

> The Chapter 13 Trustee asserts as follows:
> 1) That it is not appropriate for a single debtor in an above-median chapter 13 case to deduct two (2) vehicle operating and ownership expenses when calculating proposed disposable income;

The Debtor testified at the hearing. At the time this case and her income and expense information were filed (I and J and B22C) she was a single mother of two adult children, ages 19 and 20 (now 20 and 22). She currently claims these two as dependents on her tax returns. One of her children attends a local college and lives with the Debtor. She has a part time job. She drives a 2003 Kia. The other is a full time student also at a local college. He has a part time job and lives in a dorm at the school, visiting with the Debtor on weekends. He drives a 2002 Dodge Dakota. The Debtor has a full time job and drives a 2006 Kia. The Debtor testified that the cars are necessary and if they are not available she and her adult children will suffer consequences including possible loss of part time work and/or difficulty getting to college classes. The Debtor's adult children cover some of their college and living expenses, but not all.[3] The Debtor testified about how they have worked together to limit expenses, but those limitations did not include eliminating the second or third vehicle.

---

[3] Although the facts involve three cars and various other facts the Court could analyze, the parties have stipulated that the only expense and/or income issue relevant to the Court's decision in this matter is whether the single Debtor can claim ownership and operating expenses for two vehicles and therefore confirm a plan. The parties agreed that they do not anticipate that the Trustee's request to dismiss the case should be granted at this time if the Court determines that the Debtor may not claim the challenged expense, but rather that the plan could be amended.

2

On cross examination, the Trustee questioned the Debtor about the possibility of the three sharing a car, securing transportation through other methods or otherwise further limiting expenses. The testimony did not indicate that either of the Debtor's adult children are incapable of supporting themselves. Rather, the evidence indicated that if the Debtor did not supplement their income and/or pay some of their expenses their lifestyle may change, including alteration of their college plans.

The Debtor's counsel argued that as a matter of law the Debtor is entitled to claim ownership and operating expenses for more than one car, citing, e.g., *In re Styles*, 397 B.R. 771 (Bankr. W.D. Va. 2008); *In re Barrett*, 371 B.R. 860 (Bankr. S.D. Ill. 2007); *In re Zaporski*, 366 B.R. 758 (Bankr. E.D. Mich. 2007); *In re Scurlok*, 385 B.R. 814 (Bankr. M.D.N.C. 2008); *In re Demonica*, 345 B.R. 895 (Bankr. N.D. Ill. 2006); *In re Carlton*, 362 B.R. 402 (Bankr. C.D. Ill. 2007); and *In re Foehrkalb*, 2007 WL 3406915 (Bankr. S.D. Ill. 2007). Additionally, the Debtor's counsel argued that on these facts the Debtor should be allowed to claim the expenses. After a review of this Court's prior decisions regarding a parent's contributions (in whatever form) towards the continuing education of a child over the age of 18, the Court finds that the ownership and operating expenses for more than one car, on account of adult children, should not be allowed on these facts. *See In re Goins*, 372 B.R. 824 (Bankr. D.S.C. 2007); *In re Edmunds*, 350 B.R. 636 (Bankr. D.S.C. 2006); *In re Allawas*, C/A No. 07-06058-hb, slip op. (Bankr. D.S.C. March 3, 2008); *In re Anstett*, 383 B.R. 380 (Bankr. D.S.C. 2008); *In re Cleary*, 357 B.R. 369 (Bankr. D.S.C. 2006).

3

**IT IS THEREFORE ORDERED**

1. That the Trustee's dismissal request is denied on the terms set forth herein;

2. That the Debtor shall amend her plan to conform to this decision within twenty (20) days from the date of entry of this Order. If she fails to do so, the Trustee's dismissal request will be granted without further notice and hearing upon the Trustee's submission of a Proposed Order granting the relief.